AO 91 (Rev. 11/11)  Criminal Complaint

FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

2·19·2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jairo Noe Izaguirre Pena | ) | Case No. 3:25-mj-1094-LLL |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 11, 2025__ in the county of __Flagler__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 | Illegal Reentry |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Deportation Officer Frank Dispenza - ICE
Printed name and title

Sworn to before me and signed in my presence.

Date: February 19, 2025

_____
Judge's signature

City and state: Jacksonville, FL

LAURA LOTHMAN LAMBERT
Printed name and title

## CRIMINAL COMPLAINT AFFIDAVIT

I, Frank Dispenza, being a duly sworn and appointed Deportation Officer for the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), hereby make the following statement in support of the attached criminal complaint.

1. I have been a Deportation Officer for ICE for over nine years. Before, I served as an Immigration Enforcement Agent for over five years. I have training and experience in the enforcement of the immigration and nationality laws of the United States. In addition, I have training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. On February 11, 2025, I was notified by the Flagler County Jail that an individual who identified himself as Jairo Noe Izaguirre Pena was booked into the jail on that date and stated during the booking process that he was born in Honduras on a date in January 1983.

3. I ran immigration service computer checks using the defendant's name and date of birth and the computer checks showed no record that a Honduran citizen with that name and date of birth had ever been legally admitted into the United States. I then lodged an ICE detainer against Jairo Noe Izaguirre Pena with the Flagler County jail.

4. On February 11, 2025, at approximately 9:21 p.m., the Flagler County Jail notified me that local charges for Jairo Noe Izaguirre Pena were resolved and that he was ready to be picked up on the ICE detainer. On February 12, 2025, Jairo

Noe Izaguirre Pena was transported to the ICE office in Jacksonville, Florida, for administrative deportation processing. During administrative possessing, I entered Jairo Noe Izaguirre Pena's fingerprints into an automated biometric identification system that compares a person's fingerprints with the fingerprints in a database of persons who have been previously encountered by immigration authorities. The system returned a match and reflected that Jairo Noe Izaguirre Pena had previously been encountered under the name Jairo Noe Izaguirre Pena and had been assigned an Alien Registration number 205 654 559. I then conducted additional immigration service computer checks using the A-number, which revealed that Jairo Noe Izaguirre Pena is a citizen of Honduras who was removed from the United States to Honduras on three occasions. He was first removed from the United States on or about April 24, 2015, from Alexandria, LA, via ICE AIR Operations. He was removed from the United States a second time on or about October 3, 2016, from El Paso, TX, via ICE AIR Operations. He was removed from the United States a third time on or about June 20, 2019, from Alexandria, LA, via ICE AIR Operations.

5.    On February 11, 2025, I reviewed numerous Department of Homeland Security Immigration databases for records related to Jairo Noe Izaguirre Pena. There was no record that Jairo Noe Izaguirre Pena had ever applied for or received permission from the Attorney General or the Secretary of the Homeland Security for the United States to re-enter the United States since his last removal from the United States on or about June 20, 2019.

6. In reviewing records, I noted that on or about April 11, 2019, Jairo Noe Izaguirre Pena was convicted of Illegal Re-Entry in violation of 8 U.S.C. § 1326.

7. Based upon the foregoing facts, there is probable cause to believe that Jairo Noe Izaguirre Pena is a citizen of Honduras who has been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

_____
Frank Dispenza, Deportation Officer
U.S. Immigration and Customs Enforcement
Jacksonville, Florida

Sworn to and subscribed before me
this ___ day of February 2025.

_____
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

3